FILED _____ ENTERE:
LODGED _____ RECI

JUN 0 4 2010

CLERK U.S. DISTRICT ...
DISTRICT OF MARYLAND DE ..

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | |
|---|---|
| EDMUND AWAH | * |
| Plaintiff, | * |
| v. | * Civil Action No.    PJM 10 CV 1455 |
| E R SOLUTIONS, Inc. | * |
| S/O  C.T. Corporation System | |
| 520 PIKE STREET | * |
| SEATTLE, WA 98101-4014 | |
| | * |
| And | |
| | * |
| VERIZON WIREELESS NRO | |
| S/O  THE CORPORATION TRUST CORPORATION | * |
| 1209 NORTH ORANGE STREET | |
| WILMINGTON, DE 19801-1196 | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT

1. Edmund Awah  , Pro Se, sues E. R, Solutions and Verizon Wireless NRO and for this Complaint, says:

### A. PARTIES

2. Edmund Awah ("Mr. Awah" or "Plaintiff" hereinafter), is a natural person who resides in the City of

Montgomery County, Gaithersburg, State of Maryland, and is a consumer as the term is defined by 15

U.S.C. Section1692a(3).

 E. R. Solutions ("ER" or "Defendant" hereinafter),is a collection agency operating from an address of P O

Box 9004 Renton, WA 98057and is a "debt collector" as the term is defined by 15 U.S.C. section

1692a(6).

Verizon Wireless NRO ("Verizon" hereinafter),is a telecommunication company , operating in the state

of Maryland.

## B. JURISDICTION

3.  The court has jurisdiction over this lawsuit because the action arises under 28 U.S.C. Section 1331

and pursuant to 15 U.S.C. Section 1692k(d).

This action arises out of violations of the Fair Debt Collection Practice Act, 15 U.S. C. Section 1692 by the

Defendants in their illegal efforts to collect consumer debt.

## C. VENUE

4.  Venue is proper in this District Court under Section 2000e5(f)(3) because the unlawful debt

collection practices were committed in respect of a subject resident in Maryland, all records related to

the violation are located in this district and Defendant transacts business nationwide, including

Maryland.

## D. FACTS COMMON TO ALL COUNTS

7. Plaintiff entered into a 2-year agreement with Verizon for the provision of Verizon cell phone services.

8. Plaintiff received monthly telephone bills from Verizon and made timely payments in response to all
bills.

9. About three months to the end of the 2-year contract, Plaintiff changed residence and almost

immediately started experiencing severe problems with dropped calls. So many incoming and outgoing

calls were getting dropped that it was becoming almost impossible to use the phone.

10. Plaintiff called Verizon to lodge a complaint, making Verizon clearly aware that Plaintiff is a taxicab

operator and the telephone remains the main "artery" in Plaintiff's business operations. Plaintiff also

made it abundantly clear to Verizon that if the problem is not rectified promptly, Plaintiff will have no

option but to change to a new cell phone service provider. In any case it was about three months to the

end of a 2-year contract.

11. Verizon responded by requesting a technician to remotely troubleshoot the problem. Verizon also

assured Plaintiff that should the remote troubleshooting fail to remedy the situation, Plaintiff could be

released from the contract to sign up for a service provider, which maintains active lines in the vicinity of

Plaintiff's residence.

12. On the appointed day, Verizon's technician performed various remote procedures. They all failed to remedy the problem of dropped calls.

13. Pursuant to the earlier telephone conversation agreement with Verizon, Plaintiff switched services and obtained the services of a service provider which has provided excellent service since the switch.

14. Verizon then reneged on their agreement with Plaintiff. This agreement which allowed Plaintiff to switch service providers should the remote troubleshooting fail. Verizon kept sending bills, after Plaintiff disconnected Verizon service. Consistent with the agreement, Plaintiff refused to pay the new bills.

15.  Verizon made several calls to Plaintiff raising issues with the non-payment of the bills. Each time Plaintiff responded by reminding Verizon about the severe problem of the dropped calls (as a matter of fact there were more than 200 drooped calls in a very short period of time). Also Plaintiff reminded Verizon of their agreement with Plaintiff to switch service providers if Verizon's remote control and troubleshooting fail to address the problem.

16. Verizon's several phone calls greatly harassed Plaintiff and caused severe emotional distress to Plaintiff.

17. After a period of harassment, Verizon transferred the "debt" to E. R. Solutions who started their style of annoyance and harassment, severely exacerbating the existing mental anguish and emotional stress, created by Verizon.

18. Verizon filed a derogatory report on Plaintiff's credit file in clear violation of federal law.

19. Verizon reneged on an agreement with Plaintiff and then proceeded to file a negative report on Plaintiff's credit file in violation of federal law.

20.  The conduct of Defendants in harassing Plaintiff in an effort to collect this debt by repeatedly engaging in phone calls and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the Fair Debt Collection Practices Act ("FDCPA" hereinafter) including but not limited to 15

U.S.C. Sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

21. Defendants filed a derogatory report on Plaintiff's credit file, despite Plaintiff's persistent warnings that Plaintiff does not owe the debt, in violations of several sections of the FDCPA 1692.

22. Defendants inflated the true amount of the debt in filing the derogatory report, in violation of several sections of FDCPA 1692.

23. Defendants violated sections of FDCPA 1692 by failing to provide verification of the debt five days after the first phone call.

24. Defendants violated sections of FDCPA 1692 by failing to provide validation of the debt, despite the fact that Plaintiff has sent two written formal requests for validation/verification.

### E. SUMMARY

25. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and work place

### F. PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff prays that judgment be entered against Defendants.

### G. CAUSES OF ACTION

### H.COUNT 1
### VIOLATION OF FDCPA, 15 U.S.C. SECTION 1692 *et. Seq.*

27. The Plaintiff realleges and incorporates by reference paragraphs 1 through 26 with equal force as if they were repeated here.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA 15 U.S.C. 1692 *et seq.*

29.  As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to

15 U.S.C. Section 1692k(a)(1);

(a)  for an award of actual damages pursuant to 15 U.S.C.  Section 1692k(a)(1) against Defendants.

(b) for an award of statutory damages of $1 000 pursuant to 15 U.S.C. Section 1692k(a)(2)(A) against

Defendants.

(c)  for an award of costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. Section

1692(k)(a)(3) against defendants.

## I COUNTII
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. The plaintiff realleges  and incorporates by reference paragraphs 1 through 29 with equal force as if

they were repeated here.

31.  Defendants intentionally interfered physically or otherwise, with the solitude, seclusion and/or

private concerns or affairs of the Plaintiff.

32.  Defendants intentionally caused harm to plaintiff's emotional well being by engaging in highly

offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's

right to privacy.

33.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion and/or private

concerns or affairs.

34.  These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a

reasonable person in that position.

35. As a result of such violations and invasion of privacy, Plaintiff suffered emotional distress and

consequently, Plaintiff is entitled to actual damages in an amount to be determined at trial from

Defendants.

36. Plaintiff is entitled to such other and further relief as may be just and proper.

Edmund Awah
P O Box 2944
Montgomery Village, MD 20886
Tel: 301 254 7362
Plaintiff in *Pro Se*